Smith, J.
(concurring). I agree with the majority’s result, but not its reasoning. As a general proposition, it seems wrong to me that, when a contract is written to bind “any . . . affiliate” of a party, its effect should be limited to affiliates in existence at the time of contracting. That invites parties to create new affiliates, and to have them do what the old affiliates are prohibited by the contract from doing.
Nor does the Agreement’s use of the present tense in referring to EMI’s affiliates suggest to me that later-created affiliates were to be outside its scope. If I say “I have three grandchildren” I am making a statement of fact; I am not restricting the definition of “grandchild” so as to exclude any who might later be born.
Indeed, if the facts of this case were a bit different, I very much doubt that the majority would give “affiliate” such a restrictive reading. Suppose that EMI had created new affiliates and arranged for them to receive not the 50% of royalties that unaffiliated foreign subpublishers had previously received, but 90%. If the new affiliates had no obligation to the Ellington family under the agreement, the family’s share would be reduced to 5% — obviously contrary to what the parties intended.
What persuades me nevertheless to concur in the result here is the parties’ practical construction of the Agreement. For many years before this litigation began, EMI provided semiannual royalty statements to the Ellington estate, and later to plaintiff individually, which clearly disclosed that affiliated subpublishers were getting the same 50% of foreign royalties that unaffiliated ones previously got. These disclosures go back at least to 1994, and plaintiff personally received them beginning in 2002. The record discloses no complaint by anyone about the split until September of 2008, and plaintiff offers no explanation for his and his predecessor’s many years of acquiescence. This persuades me that the parties always understood that 50% of foreign royalties could be paid to foreign subpublishers — affiliated or not — before plaintiff’s share of the royalties was computed.